**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1046

JUDESHIEA QUARLES,

Plaintiff - Appellant,

v.

C.W. WEEKS, individually and officially,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:16-cv-00304-MR-WCM)

Submitted:  June 1, 2020                                          Decided:  June 16, 2020

Before MOTZ, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cheyenne N. Chambers, S. Luke Largess, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant.  Alesha S. Brown, Patrick H. Flanagan, CRANFILL SUMNER & HARTZOG LLP, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Judeshiea Quarles filed suit against C.W. Weeks for malicious prosecution under North Carolina law and pursuant to 42 U.S.C. § 1983 (2018). Quarles' suit stemmed from his state prosecution and acquittal for breaking and entering and larceny. The district court granted summary judgment to Weeks after finding that Weeks was entitled to qualified immunity and that Quarles' state law claim failed on the merits. On appeal, Quarles argues that the district court failed to consider the evidence in the light most favorable to him, that probable cause did not support his arrest, and that Weeks was not entitled to qualified immunity. We affirm.

We review de novo a district court's decision to grant summary judgment, "applying the same legal standards as the district court and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Grutzmacher v. Howard Cty.*, 851 F.3d 332, 341 (4th Cir. 2017) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). To withstand a motion for summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

2

"Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." *E.W. ex rel. T.W. v. Dolgos*, 884 F.3d 172, 178 (4th Cir. 2018) (internal quotation marks omitted). The doctrine "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Smith v. Ray*, 781 F.3d 95, 100 (4th Cir. 2015) (internal quotation marks omitted).

A claim of malicious prosecution under § 1983 "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort" of malicious prosecution. *Humbert v. Mayor & City Council of Balt. City*, 866 F.3d 546, 555 (4th Cir. 2017) (internal quotation marks omitted). To prevail on such a claim, "a plaintiff must show that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in the plaintiff's favor." *Id.* (alteration and internal quotation marks omitted). Here, it is undisputed that Weeks obtained a warrant to arrest Quarles and that the jury subsequently found Quarles not guilty on all charges. Thus, we review whether probable cause supported Quarles' arrest.

"Probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable

3

caution, in believing, in the circumstances shown, that the suspect has committed an offense." *Humbert*, 866 F.3d at 555 (alterations and internal quotation marks omitted). We evaluate probable cause under an objective standard, considering the totality of the circumstances known to the officers at the time of the seizure and without consideration of the subjective beliefs of the officers involved. *See Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017); *see Graham v. Gagnon*, 831 F.3d 176, 184 (4th Cir. 2016).

Our review of the record demonstrates sufficient facts within Weeks' knowledge to establish probable cause. At the time Weeks obtained a warrant to arrest Quarles, Weeks knew that an eyewitness identified Quarles as one of two perpetrators and that the homeowner placed Quarles at the home two weeks before the break-in. Quarles, nevertheless, asserts that the district court erroneously treated the magistrate judge's arrest warrant and the grand jury's subsequent indictment as conclusively establishing probable cause. Although a magistrate judge's probable cause determination when issuing an arrest warrant is entitled to great deference and a grand jury's indictment conclusively establishes probable cause, we conclude that Quarles' argument is misplaced, as his arrest independently was supported by probable cause. *See Munday*, 848 F.3d at 255.

Next, Quarles argues that Weeks misrepresented a witness' statement and omitted information when applying for Quarles' arrest warrant. False statements or omissions violate the Fourth Amendment only if they are both "material, that is, necessary to the finding of probable cause," and "made deliberately or with a reckless disregard for the truth." *Massey v. Ojaniit*, 759 F.3d 343, 357 (4th Cir. 2014) (internal quotation marks omitted). "Reckless disregard can be evidenced" if the officer "entertained serious doubts

4

as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported," *Humbert*, 866 F.3d at 556 (internal quotation marks omitted), or "failed to inform the judicial officer of facts he knew would negate probable cause," *Miller v. Prince George's Cty.*, 475 F.3d 621, 627 (4th Cir. 2007) (alteration and internal quotation marks omitted).

Our review of the record reveals that, even if the information Weeks omitted and misrepresented was material, Quarles failed to establish that Weeks acted deliberately or with reckless disregard. *See Miller*, 475 F.3d at 627-28 (noting that "[a] plaintiff's allegations of negligence or innocent mistake by a police officer will not provide a basis for a constitutional violation" (emphasis and internal quotation marks omitted)). Furthermore, because Quarles' arrest was supported by probable cause, and did not violate Quarles' Fourth Amendment rights, Weeks was entitled to qualified immunity. *See Dolgos*, 884 F.3d at 178.

Turning to Quarles' state law claim, we have determined that the existence of probable cause to arrest Quarles renders his malicious prosecution claim meritless. To establish a claim for malicious prosecution under North Carolina law, a plaintiff must show that the defendant caused a criminal proceeding against the plaintiff without probable cause and with malice, and that the prosecution terminated in the plaintiff's favor. *See Evans v. Chalmers*, 703 F.3d 636, 657 (4th Cir. 2012). In determining whether probable cause exists, the North Carolina Supreme Court employs the same totality of the circumstances test utilized in a Fourth Amendment probable cause analysis. *State v. Allman*, 794 S.E.2d 301, 303 (N.C. 2016). Quarles correctly contends that under North Carolina law, the

5

issuance of an arrest warrant or indictment does not bar malicious prosecution claims as a matter of law. *See Turner v. Thomas*, 794 S.E.2d 439, 445 (N.C. 2016); *Johnson v. Whittington*, 255 S.E.2d 558, 590 (N.C. Ct. App. 1979). However, because Quarles' arrest was supported by probable cause, and Quarles cannot establish that Weeks acted with malice when obtaining the arrest warrant, the district court properly granted summary judgment.

Accordingly, we affirm the district court's judgement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*